IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROSARIO G. RAMIREZ,

    Plaintiff,

v.                                                                   Civ. No. 16-306 JCH/GBW

CAROLYN W. COLVIN,
*Acting Commissioner of the*
*Social Security Administration*,

    Defendant.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter comes before the Court on Defendant's Motion to Dismiss for Lack of Jurisdiction (*doc. 12*). For the reasons discussed below, I recommend that the Court grant Defendant's motion and dismiss this action.

    **I.**     **BACKGROUND**

On June 6, 2013, Plaintiff filed an initial application for disability insurance benefits. *Doc. 12* at 1. The Administrative Law Judge (ALJ) issued an unfavorable decision on October 16, 2015. *Id.* On January 5, 2016, Plaintiff filed a request for review with the Appeals Council, and included a statement of good cause for untimely filing. *Id.* On February 18, 2016, the Appeals Council issued an order denying Plaintiff's request for review because her request was untimely. *Id.* Plaintiff filed suit in this Court on April 15, 2016, requesting review of the Appeals Council's decision. *See doc. 1*.

On July 21, 2016, Defendant filed its Motion to Dismiss for Lack of Jurisdiction under Fed. R. Civ. P. 12(b)(1).  *Doc. 12*.  Plaintiff failed to file a response to the motion within fourteen calendar days after service of the motion, as required by D.N.M.LR-Civ. 7.4(a).

## II.     Motions to Dismiss under Rule 12(b)(1)

"A 12(b)(1) motion is the proper avenue to challenge the court's subject matter jurisdiction, and Rule 12(h)(3) requires that whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."  *Barnson v. United States*, 531 F. Supp. 614, 617 (D. Utah 1982).  Such motions may take one of two forms.  First, "a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint."  *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).  In reviewing motions of this type, "a district court must accept the allegations in the complaint as true."  *Id*.  Second, "a party may go beyond allegations contained in the complaint and challenge facts upon which subject matter jurisdiction depends.  *Id*.  In evaluating motions brought under the second form, the Tenth Circuit explained:

> When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations.  A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1).

*Id.* (internal citations omitted). Accordingly, this Court reviews the face of the complaint and any relevant external materials to determine whether Plaintiff has presented claims within the Court's jurisdiction, a necessary prerequisite for adjudication on the merits. Fed. R. Civ. P. 12(b)(1); *see also Fleming v. Gutierrez*, 785 F.3d 442, 444 (10th Cir. 2015) (holding that lack of subject matter jurisdiction precludes reaching the merits of a dispute).

  **III.**   **ANALYSIS**

In its motion, Defendant requests that the Court dismiss this action due to lack of subject matter jurisdiction. *Doc. 12* at 2. Under 42 U.S.C. § 405(g), "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision . . . ." Thus, the Court only has jurisdiction to review final decisions of the Commissioner of Social Security. *See Brandtner v. Dep't of Health & Human Servs.*, 150 F.3d 1306, 1307 (10th Cir. 1998).

Here, Plaintiff requests that the Court review the Appeals Council's decision to deny review of the ALJ's denial of Plaintiff's application. *See doc. 1*. However, the Appeals Council found that Plaintiff's request for review was untimely, as the request was filed 21 days after the 60-day limit. *Doc. 12* at 2. As the Appeals Council dismissed Plaintiff's request as untimely, there is no final decision before the Court to review. *See*

*Brandtner*, 150 F.3d at 1307 ("[W]e have no jurisdiction to review a decision when the Appeals Council has dismissed an untimely request for review, because there is no final decision of the Secretary as required under 42 U.S.C. § 405(g)."). Therefore, the Court has no jurisdiction to review this action, and Plaintiff's Complaint must be dismissed.

### IV. CONCLUSION

For the foregoing reasons, I recommend finding that the Court lacks jurisdiction over this action. Therefore, I RECOMMEND that Defendant's Motion to Dismiss for Lack of Jurisdiction (*doc. 12*) be GRANTED and Plaintiff's Complaint be DISMISSED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**