IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROSARIO G. RAMIREZ,

    Plaintiff,

v.                                                                                                                          Civ. No. 16-306 JCH/GBW

CAROLYN W. COLVIN,
*Acting Commissioner of the*
*Social Security Administration*,

    Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter comes before the Court on Defendant's Motion to Dismiss for Lack of Jurisdiction. *Doc. 12*. For the reasons discussed below, I recommend that the Court grant Defendant's motion and dismiss this action.

**I.    BACKGROUND**

On June 6, 2013, Plaintiff filed an initial application for disability insurance benefits. *Doc. 12-1* at 7. The Administrative Law Judge (ALJ) issued an unfavorable decision on October 16, 2015. *Id.* at 4. On January 5, 2016, Plaintiff filed a request for review with the Appeals Council, and included a statement of good cause for untimely filing. *Id.* at 21-22. On February 18, 2016, the Appeals Council issued an order dismissing Plaintiff's request for review because her request was untimely. *Id.* at 23-25. Plaintiff filed suit in this Court on April 15, 2016, requesting review of the Appeals Council's decision. *See doc. 1*.

On July 21, 2016, Defendant filed a Motion to Dismiss for Lack of Jurisdiction under Fed. R. Civ. P. 12(b)(1). *Doc. 12*. Plaintiff failed to file a response to the motion within fourteen calendar days after service of the motion, as required by D.N.M.LR-Civ. 7.4(a). The Court filed its first Report and Recommendations on August 25, 2016. *Doc. 18*. On August 29, 2016, Plaintiff filed an unopposed motion to set aside the Court's Report and Recommendations, and the Court granted the motion on September 6, 2016. *Docs. 20, 21*. Plaintiff then filed a response to the motion on September 14, 2016. *Doc. 24*. Defendant filed its response on September 28, 2016. *Doc. 25*.

## II.     Motions to Dismiss under Rule 12(b)(1)

"A 12(b)(1) motion is the proper avenue to challenge the court's subject matter jurisdiction, and Rule 12(h)(3) requires that whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." *Barnson v. United States*, 531 F. Supp. 614, 617 (D. Utah 1982) (quotation marks omitted). Such motions may take one of two forms. First, "a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). In reviewing motions of this type, "a district court must accept the allegations in the complaint as true." *Id*. Second, "a party may go beyond allegations contained in the complaint and challenge facts upon which subject matter jurisdiction depends." *Id.* at 1003. The Tenth Circuit has explained that in evaluating such factual attacks on subject

matter jurisdiction, "a district court may not presume the truthfulness of the complaint's factual allegations.  A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)."  *Id.* (internal citation omitted).

Defendant's Motion in this context presents a factual attack, as the failure to exhaust administrative remedies is a fact upon which subject matter jurisdiction depends.  *Baumeister v. New Mexico Comm'n for the Blind,* 425 F. Supp. 2d 1250, 1258 (D.N.M. 2006).  Plaintiff's defense that she has a colorable constitutional claim that excepts her from the exhaustion requirement also requires factual inquiry.  *See Brandtner v. Dep't of Health & Human Servs.,* 150 F.3d 1306, 1307 n.3 (10th Cir. 1998) (noting that there "may be limited circumstances where an Appeals Council dismissal of an untimely request for review may be a 'final' decision of the Secretary, such as when a plaintiff raises a constitutional claim of a due process violation," as here). Accordingly, this Court reviews the face of the complaint and any relevant external materials to determine whether Plaintiff has presented claims within the Court's jurisdiction, a necessary prerequisite for adjudication on the merits.  Fed. R. Civ. P. 12(b)(1); *see also Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998) (holding that lack of subject matter jurisdiction precludes reaching the merits of a dispute).

### III. ANALYSIS

In its motion, Defendant requests that the Court dismiss this action due to lack of subject matter jurisdiction. *Doc. 12* at 2. Under 42 U.S.C. § 405(g), "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . ." However, a party seeking judicial review must first request review by the Appeals Council by filing a written request "[w]ithin 60 days after the date [the party] receive[s] notice of the hearing decision or dismissal." 20 C.F.R. §§ 404.968(a)(1), 404.955(b). A party may ask for an extension of time to request review by the Appeals Council, and such an extension will be granted if the party shows "good cause for missing the deadline." *Id.* § 404.968(b). However, the Appeals Council "will dismiss [the] request for review if [it is not filed] within the stated period of time and the time for filing has not been extended." *Id.* § 404.971. Under the federal regulations, the decision of the ALJ is binding on all parties unless the Appeals Council reviews the case or denies the request for review and the claimant thereafter seeks judicial review.[1] *Id.* § 404.955(a-b).

Plaintiff asks the Court to review the Appeals Council's decision to dismiss her request for review as untimely. *See docs. 1, 24*. The ALJ issued his unfavorable decision on October 16, 2015, explaining that Plaintiff was not disabled during the relevant time

---

[1] While the regulations detail several other circumstances in which the decision of the ALJ may not be binding upon all parties, the dismissal of a request for review by the Appeals Council is not one of those circumstances. *See* 20 C.F.R. 404.955.

4

period.  *Doc. 12-1* at 16.  Under the federal regulations, Plaintiff was required to file a request for review with the Appeals Council by December 15, 2015.  20 C.F.R. § 404.968(a)(1).  However, Plaintiff failed to file her request until January 5, 2016, which was twenty-one days after the deadline.  *Doc. 12-1* at 21.  As the Appeals Council dismissed Plaintiff's request as untimely, there is no final decision before the Court to review.  *Id.* at 27; *see Brandtner*, 150 F.3d at 1307 ("[W]e have no jurisdiction to review a decision when the Appeals Council has dismissed an untimely request for review, because there is no final decision of the Secretary as required under 42 U.S.C. § 405(g).").

Plaintiff argues that the Court should waive the exhaustion requirement because Plaintiff was denied her constitutional right to due process, as she was confused and did not understand the appeals process.  *See generally doc. 24*.  "A claimant will establish a mental impairment justifying failure to request review when the evidence establishes that he or she lacked the mental capacity to understand the procedures for requesting review."  *Blair v. Apfel*, 229 F.3d 1294, 1295-96 (10th Cir. 2000) (citing SSR 91-5P, 1991 WL 208067 (July 1, 1991)).  Absent a colorable constitutional claim presented by the claimant, "[t]he dismissal of a request for Appeals Council review is binding and not subject to further review."  20 C.F.R. § 404.972; *Nelson v. Sec'y of Health & Human Servs.*, 927 F.2d 1109, 1111 (10th Cir. 1990); *see also Califano v. Sanders*, 430 U.S. 99, 109 (1977) ("Constitutional questions obviously are unsuited to resolution in administrative

5

hearing procedures and, therefore, access to the courts is essential to the decision of such questions.").

However, a constitutional claim is not colorable "if it is immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial or frivolous." *Harline v. Drug Enf't Admin.*, 148 F.3d 1199, 1203 (10th Cir. 1998) (internal citation and alteration omitted); *see also Bell v. Hood*, 327 U.S. 678, 682-83 (1946); *Koerpel v. Heckler*, 797 F.2d 858, 863 (10th Cir. 1986). Additionally, unsupported allegations that the claimant is suffering from a mental impairment are insufficient to create a colorable constitutional claim. *See Nelson* 927 F.2d at 1111; *Stieberger v. Apfel*, 134 F.3d 37, 40-41 (2d Cir. 1997) ("[E]ven in the context of a claim for disability benefits based on mental illness," a claim "cannot invoke federal court jurisdiction merely upon a generalized allegation, long after the fact, that the claimant was too confused to understand available administrative remedies."). Finally, a claimant must demonstrate not only that she suffered a mental impairment, but must also "show that the mental impairment eroded her ability to pursue her claims." *London v. Apfel*, 202 F.3d 282, No. 99-1146, 1999 WL 1244475 at *3 (10th Cir. Dec. 20, 1999) (unpublished table decision).

Plaintiff argues that evidence in the record demonstrates that she was "suffering limitations that affected her ability to file her appeal in a timely manner." *Doc. 24* at 2. Specifically, Plaintiff argues that there is evidence in the record that she has memory and concentration problems, becomes drowsy due to her medications, and suffers from

6

fibromyalgia which she alleges commonly causes fatigue and memory problems. *Id.* at 2-3. Plaintiff is correct in noting that the ALJ considered certain pieces of evidence which support Plaintiff's claim of memory problems. *See doc. 12-1* at 10 ("[Plaintiff] reported being forgetful and inattentive."), 11 ("[Plaintiff] testified that she has memory problems and is unable to concentrate for extended periods.").

However, the ALJ noted that despite Plaintiff's claims of memory and attention problems, "she was working as a bus driver . . . and was able to perform this job." *Doc. 12-1* at 10. The ALJ also noted that Plaintiff "does not allege needing reminders to take medications, perform tasks, or to attend appointments . . ., [and] is able to attend and concentrate about one to two hours until she feels drowsy from her medications." *Id.* at 11. After considering Plaintiff's testimonial evidence, the ALJ concluded that she "has no more than mild limitations on her ability to maintain attention and concentration" and that Plaintiff's "migraine headaches and depression are non-severe." *Id.* at 11, 10. These findings by the ALJ undermine Plaintiff's claim of a due process violation. *See Devereaux v. Chater*, 78 F.3d 597, No. 95-1196, 1996 WL 98956, at *3 (10th Cir. March 7, 1996) (unpublished table decision) (no colorable constitutional claim where "[t]here is no contemporaneous medical evidence demonstrating mental incompetence," even where there is evidence indicating a claimant "may have had impaired judgment at times" during the period when he failed to challenge the denial of his application for social security benefits).

Additionally, the ALJ found that Plaintiff "has only mild limitations on her ability to perform activities of daily living." *Doc. 12-1* at 10. The ALJ noted that Plaintiff "reported she is able to perform light household chores, prepare meals with help, shop in stores, watch television, read, listen to music, drive a vehicle, handle her finances and manage bank accounts[, and] attend to her personal needs" without assistance. *Id.* As the evidence demonstrates that Plaintiff has only mild limitations in concentration and attention and her ability to perform activities of daily living, she has failed to demonstrate a due process violation resulting from a mental impairment. *Blair*, 229 F.3d at 1296 (citing SSR 91-5P for the proposition that in determining whether claimant has a mental impairment justifying failure to request review, it is necessary to "examine 'any mental . . . condition which limits the claimant's ability to do things for him/herself'"); *London*, 1999 WL 1244475 at *3 (no due process violation where claimant "managed her own financial affairs by paying her bills with money orders").

In determining whether a claimant understood the appeals process, courts also often consider whether a claimant was represented by counsel. *See Blair*, 229 F.3d at 1296; *Tucker v. Sullivan*, 779 F. Supp. 1290, 1296 (D. Kan. 1991). Here, Plaintiff was represented by counsel until after the ALJ issued his unfavorable decision. *See doc. 12-1* at 22 ("I was advised by my attorney not to file an appeal and to start all over."). Although Plaintiff was no longer represented by an attorney by the time she filed her request for review to the Appeals Council, the facts demonstrate that Plaintiff had been

8

represented by an attorney and had taken her attorney's advice in previously deciding not to file an appeal. *Id.* at 21 ("I was [misinformed] by my attorney on the appeals process."). Further, Plaintiff's claim that her attorney misinformed her does not constitute good cause for missing a deadline to request review, and thus cannot constitute a due process violation. *See* 20 C.F.R. § 404.911.[2] Finally, even if misinformation from her counsel did constitute good cause for Plaintiff's failure to meet the sixty-day deadline, the Appeals Council investigated Plaintiff's claim in that regard

---

[2] The federal regulations state: "In determining whether you have shown that you had good cause for missing a deadline to request review we consider—
(1) What circumstances kept you from making the request on time;
(2) Whether our action misled you;
(3) Whether you did not understand the requirements of the Act resulting from amendments to the Act, other legislation, or court decisions; and
(4) Whether you had any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) which prevented you from filing a timely request or from understanding or knowing about the need to file a timely request for review.
(b) Examples of circumstances where good cause may exist include, but are not limited to, the following situations:
(1) You were seriously ill and were prevented from contacting us in person, in writing, or through a friend, relative, or other person.
(2) There was a death or serious illness in your immediate family.
(3) Important records were destroyed or damaged by fire or other accidental cause.
(4) You were trying very hard to find necessary information to support your claim but did not find the information within the stated time periods.
(5) You asked us for additional information explaining our action within the time limit, and within 60 days of receiving the explanation you requested reconsideration or a hearing, or within 30 days of receiving the explanation you requested Appeal Council review or filed a civil suit.
(6) We gave you incorrect or incomplete information about when and how to request administrative review or to file a civil suit.
(7) You did not receive notice of the determination or decision.
(8) You sent the request to another Government agency in good faith within the time limit and the request did not reach us until after the time period had expired.
(9) Unusual or unavoidable circumstances exist, including the circumstances described in paragraph (a)(4) of this section, which show that you could not have known of the need to file timely, or which prevented you from filing timely." 20 C.F.R. § 404.911.

and found it to be meritless; specifically, the Council quoted correspondence from Plaintiff's attorney that advised her that she "may appeal the decision [herself], but [she] must do so in writing within 60 days of the date [she] received the decision." *Doc. 12-1* at 24.

Plaintiff additionally argues that the Appeals Council erred in failing to consider whether Plaintiff's mental impairment was the reason she did not file a timely appeal. *Doc. 24* at 4. In her request for review, however, Plaintiff explained that the reason for her failure to file a timely appeal was that she was misinformed by her attorney on the appeals process. *Doc. 12-1* at 21. Similarly, in her "statement of claimant," Plaintiff explained:

> I am submitting a late appeal. I was advised by my attorney not to file an appeal and to start all over. I was denied on 10/16/2015. Once I came in I was informed of the appeals process and therefore I am requesting good cause for my late appeal. I was given incorrect information from my attorney who sent me a letter stating they weren't going to represent me anymore. Please accept my late appeal.

*Id.* at 22.

Nowhere in Plaintiff's request for review does she give any indication that she was unable to understand the process of appeal due to a mental condition. *See generally id.* at 21-22. In fact, Plaintiff first claimed that her impairments affected her ability to file a timely appeal in her response to Defendant's motion to dismiss on September 14, 2016. *Doc. 24* at 2. Plaintiff attached to this response a signed affidavit in which she

states that she did not understand and was confused about the paperwork. *Doc. 24-1*. However, this affidavit is dated September 9, 2016, after her request for review had been dismissed and Defendant had filed the instant motion. *See docs. 12, 12-1*. As she did not notify the Appeals Council that she failed to file a timely appeal due to a mental impairment, Plaintiff has failed to demonstrate that the Appeals Council's failure to consider her alleged mental impairments in dismissing her request for review constitutes a violation of due process. *See Hoiland v. Colvin*, No. 14-1253-RDR, 2014 WL 7272599, at *3 (D. Kan. Dec. 18, 2014) (no colorable constitutional claim where claimant "made no claim to the ALJ that her failure to timely file was based on memory loss") (internal quotations omitted).

As Plaintiff has failed to bring a colorable constitutional claim, the Court has no jurisdiction to review this action, and Plaintiff's Complaint must be dismissed. *Brandtner*, 150 F.3d at 1307 n.3.

## IV.  CONCLUSION

For the foregoing reasons, I recommend finding that the Court lacks jurisdiction over this action. Therefore, I RECOMMEND that Plaintiff's Complaint be DISMISSED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

11

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**