IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROSARIO G. RAMIREZ,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　　　　　Civ. No. 16-306 JCH/GBW

CAROLYN W. COLVIN,
*Acting Commissioner of the*
*Social Security Administration*,

    Defendant.

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter comes before the Court on Plaintiff's Objections (*doc. 28*) to the Magistrate Judge's Proposed Findings and Recommended Disposition ("PFRD") (*doc. 27*) regarding Defendant's Motion to Dismiss (*doc. 12*). Being fully advised, I will OVERRULE the objections and ADOPT the PFRD.

**I.**　　**BACKGROUND**

On December 16, 2016, Magistrate Judge Gregory B. Wormuth issued his PFRD recommending that the Court grant Defendant's Motion to Dismiss Plaintiff's Complaint because the Court lacks subject matter jurisdiction. *Doc. 27*. Plaintiff filed objections to the PFRD on December 28, 2016, in which she contested the recommended findings. *Doc. 28*. The Commissioner filed a response to Plaintiff's objections on January 11, 2017. *Doc. 29*.

1

**II.     STANDARD OF REVIEW**

After a party objects to a magistrate judge's proposed findings and recommendations, the Court "shall make a de novo determination of those portions . . . to which objection is made." 28 U.S.C. § 636(b)(1). Objections must be made with specificity; general or conclusory objections are insufficient. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

**III.    ANALYSIS**

Plaintiff objects to the PFRD and argues that the Magistrate Judge erred in (1) finding that mild limitations in Plaintiff's mental functioning did not justify her failure to file a timely appeal; (2) failing to consider the importance of Plaintiff's lack of representation by counsel when she filed her appeal; and (3) supporting the recommendation with factual findings from the ALJ's contested opinion and failing to draw all reasonable inferences in favor of the Plaintiff. *Doc. 28*. The Court will address each objection in turn.

> a.  *Plaintiff has failed to demonstrate that she had mental limitations which prevented her from filing a timely appeal.*

Generally, federal courts have no jurisdiction to review a decision by the Social Security Administration Appeals Council to dismiss a claimant's request for review as untimely, as there is no final decision for the Court to review. *Brandtner v. Dep't of*

2

*Health & Human Servs.*, 150 F.3d 1306, 1307 (10th Cir. 1998). However, Plaintiff argues that (1) she has a colorable constitutional claim exempting her from the exhaustion requirement because her limitations in mental functioning justify her failure to timely file an appeal and (2) the Appeals Council violated her right to procedural due process by failing to consider those limitations. *See generally doc. 24*; *doc. 28* at 1. Specifically, Plaintiff argues that she was limited by memory and concentration problems, drowsiness, depression, and an 11th grade high school education with later acquisition of a GED. *See id.* at 1-2, 4. Plaintiff claims that due to these limitations, she was unable to understand "the letter accompanying the ALJ decision in which the appeal rights were explained." *Id.* at 2.

The Magistrate Judge considered this argument but found that the record demonstrated that "Plaintiff has only mild limitations in concentration and attention and ability to perform activities of daily living." *Doc. 27* at 8. Plaintiff's ability to take care of herself in many ways, such as performing chores, cooking with help, shopping, and handling her finances, demonstrates that Plaintiff's mental limitations are not so severe as to prevent her from being able to understand the process for appealing the ALJ's unfavorable decision. *See doc. 12-1* at 10 (ALJ citing evidence in the Administrative Record of Plaintiff's self-reported ability to engage in daily life activities). Additionally, Plaintiff failed to make any assertion that her mental limitations prevented her from timely filing an appeal until after Defendant's Motion to

3

Dismiss had been filed. *See docs. 12, 12-1.* Rather, Plaintiff explained to the Appeals Council that she was submitting a late appeal because she was advised by her attorney not to appeal. *See doc. 12-1 at 22.* Finally, contrary to Plaintiff's explanation, the record demonstrates that Plaintiff's attorney had specifically advised her that she could appeal the ALJ's decision in writing within sixty days. *Doc. 12-1 at 24.* As a result, the Court finds that Plaintiff's mental limitations did not prevent her from filing a timely appeal.

> b. *The evidence demonstrates that Plaintiff was represented by counsel in deciding not to file a timely appeal.*

Plaintiff objects that the Magistrate Judge failed to consider the importance of the fact that Plaintiff was not represented by counsel at the time she filed her appeal. *Doc. 28 at 3.* Plaintiff argues that as an unrepresented party, she "was confused and did not understand" the paperwork which detailed the appeals process and the deadline for filing an appeal. *Id.*

However, the Magistrate Judge correctly found that Plaintiff was represented by an attorney until after the ALJ issued his unfavorable decision. *Doc. 27 at 8.* The record demonstrates that Plaintiff discussed the appeals process with her attorney before discontinuing representation, as Plaintiff informed the Appeals Council that she was advised by her attorney not to file an appeal. *See doc. 12-1 at 22.* The fact that Plaintiff was not represented by counsel at the time she filed her appeal is immaterial, as she had previously discussed the matter with her attorney, including discussion of the sixty-day deadline to appeal. Therefore, the Magistrate Judge properly determined that Plaintiff's

4

counsel had given her advice regarding the decision to appeal and the deadline to do so.

> c. *The Magistrate Judge properly considered record evidence contained in the ALJ's opinion in evaluating Defendant's 12(b)(1) motion.*

Plaintiff objects that the Magistrate Judge relied on unfavorable findings in the ALJ decision, which Plaintiff claims violates the summary judgment rule that all evidence be construed in favor of the non-moving party. *Doc. 28* at 3. Plaintiff argues that the rules for summary judgment apply to Defendant's Motion to Dismiss because the Court "considered information outside the pleadings." *Id.*

Defendant's Motion to Dismiss was based on Rule 12(b)(1) of the Federal Rules of Civil Procedure, as Defendant claimed that the Court lacks subject matter jurisdiction. *See doc. 12* at 2-3. The Magistrate Judge explained in his PFRD that Defendant's Motion presented a factual attack rather than a facial attack, as the issues of the failure to exhaust administrative remedies and the exceptions to the exhaustion requirement require factual inquiry. *Doc. 27* at 2-3. When considering factual attacks on subject matter jurisdiction, the Court "may not presume the truthfulness of the complaint's factual allegations" and "has wide discretion to allow affidavits [and] other documents" to resolve the disputed jurisdictional facts. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). As Plaintiff claimed that she failed to file a timely appeal due to her mental limitations, the Magistrate Judge properly reviewed the record,

5

including the ALJ's opinion which cited the record evidence, to determine whether Plaintiff presented a colorable constitutional claim.

## IV.    CONCLUSION

Wherefore, IT IS HEREBY ORDERED that the Magistrate Judge's Proposed Findings and Recommended Disposition (*doc. 27*) is ADOPTED, Plaintiff's objections (*doc. 28*) are OVERRULED, and Defendant's Motion to Dismiss (*doc. 12*) is GRANTED.

_____
JUDITH C. HERRERA
UNITED STATES DISTRICT JUDGE